### No. 310

No. 18214—The Forest City Investment Co. v. Rosa Haas. Error to the Court of Appeals of Cuyahoga county

1002. RECEIVERS—Appointment of proceeding not a chancery case—Court of Appeals may be reviewed on error—Not on appeal.

JONES, J

1 An order appointing a receiver is an order affecting a substantial right made in a special proceeding and is a final order within the meaning of Section 12258, General Code. (Cincinnati, Sandusky & Cleveland Rd. Co. v. Sloan, 31 Ohio St., 1, followed and approved.)

2. A proceeding for the appointment of a receiver does not constitute a chancery case within the purview of Section 6, Article IV, of the Ohio Constitution as amended in 1912. (Thompson v. Denton, 95 Ohio St., 333, overruled.)

3. Such an order is a judgment which may be reviewed by the Court of Appeals on error, but not on appeal.

Judgment affirmed.

Marshall, C. J., Matthias and Day, JJ., concur. Robinson, J, concurs in the judgment but dissents from the syllabus. Wanamaker and Allen, JJ., not participating.

---

### No. 311

No. 18169—Klein et al v. Lust et al. Error to the Court of Appeals of Franklin county.

27. ACTIONS—Service of summons in justice automobile cases, under 6308 GC. to be by sheriff—Venue statute only—Filing motion to dismiss for defect in service becomes a general appearance, unless made special.

MARSHALL, C. J.

1. By the provisions of Section 6308, General Code, prior to the amendment of that section on March 21, 1923, a person injured by the negligent operation of an automobile could maintain an action against the owner of such automobile before a justice of the peace holding office in the township where such injured person resides, though such owner be a resident of another township or even of another county and though service of summons be not made in the township where such justice of the peace holds office.

2. In such case summons can only be regularly served by the sheriff of the county of the defendant's residence.

3. Section 6308, General Code, does not enlarge the general jurisdiction of trial courts but on the contrary is a venue statute which merely enlarges the geographic boundaries for the exercise of the general jurisdiction conferred upon such courts by other statutes.

4. Where a cause is pending before a justice of the peace having jurisdiction of the subject-matter of such cause and a motion is made by an attorney employed by the defendant for a dismissal of such cause for the reason that the court in which the action was filed has no jurisdiction of the subject-matter involved,"

such motion amounts to a waiver of irregularities in the service of summons and enters a general appearance of the person of the defendant in the action.

Judgment affirmed.

Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.